## ATCHISON, T. & S. F. R. CO. v. MOLONE.

No. 10063—Opinion Filed April 12, 1921.

(Syllabus.)

**Master and Servant—Injury to Section Hand —Negligence — Sufficiency of Evidence— Harmless Error—Instructions.**

Record examined, and held: (1) That the trial court did not err in overruling the demurrer to the evidence nor in refusing to direct a verdict for the defendant. (2) That the evidence reasonably tends to support the verdict and the judgment rendered thereon. (3) That the remaining errors complained of are without merit or are harmless under section 6005, Rev. Laws 1910.

Error from District Court, Pontotoc County; J. W. Bolen, Judge.

Action by W. B. Molone against the Atchison, Topeka & Santa Fe Railway Company, for damages for personal injuries. Judgment for plaintiff, and defendant brings error. Affirmed.

Cottingham & Hayes and Geo. M. Green, for plaintiff in error.

Wimbish & Duncan, for defendant in error.

KANE, J. This was an action for damages for personal injuries, commenced by defendant in error, plaintiff below, against the plaintiff in error, defendant below. Upon trial to a jury there was a verdict in favor of the plaintiff, upon which judgment was duly entered, to reverse which this proceeding in error was commenced. Hereafter, for convenience, the parties will be des.gnated "plaintiff" and "defendant", respectively, as they appeared in the trial court.

It appears that the plaintiff was employed by the defendant as a section hand and that at the time of his injury he was riding on a small motor car under the care and control of the section boss; that while thus engaged a dog ran onto the track some 250 feet ahead of the car and continued to run toward the car until a collision occurred, which threw the car from the track, injuring the plaintiff. It was alleged, in substance, that the motor car was of light weight and easily thrown from the track; that said section

boss saw said dog, or by the use of reasonable diligence could have seen him; that said section boss paid no attention to the warning given of the approach of said dog and did not slack up or give any alarm or make any attempt to scare said dog off the track, but that he "willfully ran into, over, and against said dog."

The answer set up a general denial, assumption of risk, and a release. The reply was a general denial, and that the release was procured by fraud, duress, and without consideration.

Counsel for defendant have summarized their ground for reversal in their brief as follows:

(1) The court should have sustained the demurrer to the evidence.

(2) The court at the conclusion of the testimony of the defendant should have directed a verdict for the defendant.

(3) The court erred in giving its instructions Nos. 2, 3, 4, 5, 9, and 12.

(4) The court erred in refusing to give to the jury special instruction No. 9.

(5) The court erred in refusing to give to the jury defendant's requested instruction No. 6, and erred in giving instruction No. 9.

As the evidence reasonably tended to establish the allegations of the petition as summarized in the foregoing brief statement of facts, we think it was sufficient to take the case to the jury on the question of negligence. The demurrer to the evidence was properly overruled.

The second assignment of error is based upon the theory that there was a fatal variance between the pleadings and the proof. In support of this counsel say that, although the petition charges that the defendant "willfully and wantonly ran into, over, and against said dog," the evidence tended to show nothing more than ordinary negligence. We are not impressed by this argument.

We think the petition alleges, and the evidence tends to show, a case of ordinary negligence. It is true that, after stating the facts substantially as hereinbefore set out, the plaintiff further avers that the section boss "willfully and wantonly ran into, over, and against said dog", but this does not necessarily mean that he willfully and wantonly injured the plaintiff. Another similar point made under this assignment of error is that, even if the section boss saw the dog running towards the car, he had a right to assume that the dog would get off the track in time to avoid the collision. Moore v.

Charlotte Electric Railway, Light and Power Co. (N. C.) 48 S. E. 822, is cited in support of this proposition. This was an action against the electric railway company for killing the dog, and we are unable to perceive any analogy between it and the case at bar. The question here is what degree of duty did the defendant owe the plaintiff, not the dog. The judge who prepared the opinion in the Moore Case, supra, said:

"We think that the dog is not entitled to the same consideration at the hands of an engineer in charge of a moving locomotive that cattle or live stock are, and that the engineer is not, therefore, compelled to keep either a vigilant lookout for dogs, or as great care in the management of his engine or train, so as to prevent their injury as he is for cattle or livestock."

While the engineer might owe the dog slight care, yet, if running into the dog was likely to injure and did result in injury to a human being to whom he owed the duty of ordinary care, he would not be excused from liability merely by showing that he exercised due care toward the dog. In the case at bar the section boss was bound to use ordinary care not to injure the plaintiff. The evidence shows that the motor car was of slight weight, easily stopped and easily thrown from the track. It also shows that the car was going at the rate of 25 or 30 miles an hour, and that there was no diminution in its speed between the time the dog was discovered upon the track and the collision occurred. In these circumstances it was not error to refuse to direct a verdict for the defendant.

Of the remaining assignments of error, which question the action of the court in giving instructions to the jury and refusing to give requested instruction, it is sufficient to say that we have examined the record carefully and are convinced that the errors of this class complained of are either without merit or that they are harmless under section 6005, Rev. Laws 1910, which provides:

"No judgment shall be set aside or new trial granted by the appellate court of this state in any case, civil or criminal on the ground of misdirection of the jury or the improper admission or rejection of evidence, or as to error in any matter of pleading or procedure, unless, in the opinion of the court to which application is made, after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right."

On the merits of the case we are satisfied that the evidence reasonably tends to support the verdict of the jury and the judgment rendered thereon by the trial court.

For the reasons stated, the judgment of the court below is affirmed.

HARRISON, C. J., and JOHNSON, MILLER, and KENNAMER, JJ., concur.